# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>                    Plaintiff,<br>   v.<br>RAY JUNIOR DEL VILLAR,<br>                    Defendant. | CRIM CASE NO. 12cr2416WQH<br>CIVIL CASE NO. 17cv2021WQH<br>**ORDER** |
|---|---|

HAYES, Judge:

This matter comes before the Court on the motion pursuant to 28 U.S.C. § 2255 filed by Defendant Ray Junior Del Villar. (ECF No. 227).

## BACKGROUND FACTS

On September 25, 2012, Defendant Ray Junior Del Villar entered a plea of guilty to Count One of an Indictment charging him with conspiracy to distribute cocaine and methamphetamine in violation of 21 U.S.C. §§ 841 and 846. Prior to sentencing, the United States Probation Office recommended the 2-level upward adjustment in United States Sentencing Guidelines § 3B1.1 for aggravated role. At the time of sentencing, Defendant opposed the application of this enhancement, the Government did not recommend the application of this enhancement, and the Court did not impose this enhancement. The Court stated: "[A]fter considering your objections and the entirety of the record before me, I'll sustain the objection and will not impose the plus two." (ECF No. 235-1 at 3). The Court calculated the sentencing guideline range without any enhancement for aggravating role to be 292 to 325 months. The Court stated: "I

1  an going to vary in this case from the 292 months under the 3553 factors. I am going
2  to vary to 168 months in custody.

On December 18, 2012, the Court entered judgment imposing a sentence of 168 months in custody. (ECF No. 81).

On October 2, 2017, Defendant filed a motion pursuant to 28 U.S.C. § 2255 on the grounds that his Fifth Amendment due process rights were violated "for illegally being sentenced to leadership role" and his counsel was ineffective because counsel made "no challenge to the illegality of the leadership role." (ECF No. 227 at 3-4.)[1]

On December 11, 2017, Plaintiff United States filed a response. Plaintiff contends that the motion should be denied on the grounds that the Court did not impose any enhancement for aggravated role.

## RULING OF THE COURT

The record conclusively establishes that the Court did not impose any enhancement for leadership role in calculating the guideline range. The record conclusively establishes that the Court sustained the objection to the recommendation of the United States Probation Office for a 2-level upward adjustment to United States Sentencing Guidelines § 3B1.1 for aggravated role. The record conclusively establishes that consideration of leadership role did not play a role in the sentence imposed. There are no grounds to support a claim for ineffective counsel. Defendant counsel opposed the recommendation of probation for a role enhancement and the Court adopted the position taken by defense counsel.

///

---

[1] The motion makes reference to "involuntary waiver of direct appeal." (ECF No. 227 at 4). These claims appear directed to the Order filed by the Court of Appeals (ECF No. 228) informing Petitioner that the dismissal of his appeal did not foreclose a motion under 28 U.S.C. § 2255 raising the issue of ineffective assistance of counsel. In the Plea Agreement, Petitioner waived his right to "appeal or collaterally attack his sentence, except a post-conviction collateral attack based upon ineffective assistance of counsel...." (ECF No. 49 at 9).

IT IS HEREBY ORDERED that the motion pursuant to 28 U.S.C. § 2255 filed by Defendant Ray Junior Del Villar (ECF No. 227) is denied. The Clerk of the Court shall enter Judgement against Defendant and close the related civil case.

DATED: January 2, 2018

**WILLIAM Q. HAYES**
United States District Judge